Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered October 18, 2011, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court properly denied his challenge for cause to a prospective juror. The record does not support a finding that the prospective juror possessed “a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial” (CPL 270.20 [1] [b]; see People v Legette, 96 AD3d 1078, 1079 [2012]; People v Pemberton, 305 AD2d 430 [2003]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]). The defendant has failed to demonstrate “the absence of strategic or other legitimate explanations” for counsel’s alleged shortcoming (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Baugh, 91 AD3d 965, 966 [2012]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
*873 The defendant’s remaining contentions are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction.
Rivera, J.E, Lott, Roman and Hinds-Radix, JJ., concur.